O

# United States District Court
# Central District of California

| | |
|---|---|
| JAMES STEWART et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES et al., <br><br> Defendants. | Case № 2:17-CV-08073-ODW (SSx) <br><br> **ORDER GRANTING** <br><br> **MOTION TO DISMISS [49]** |

## I.    INTRODUCTION

Plaintiffs bring a *Monell* claim against Defendant County of Los Angeles ("County") relating to an incident where the Department of Children and Family Services ("DCFS") took four minor children into custody following their parents' arrest and hospitalization. Defendant County moves to dismiss Plaintiffs' *Monell* claim on several grounds. (Mot. to Dismiss ("Mot."), ECF No. 49.) After considering the papers filed in connection with the Motion and the arguments presented at hearing, and for the reasons that follow, the Court **GRANTS** Defendant County's Motion.

## II.    FACTUAL BACKGROUND

On July 24, 2016, at approximately 4:00 a.m., James and Rachael Stewart were driving home to San Diego with their four children and three family dogs (Mr. and Mrs. Stewart and the four children are collectively referred to as "Plaintiffs"). (First

Am. Compl. ("FAC") ¶¶ 14–15, ECF No. 41.)  Mr. Stewart began to feel violently ill, pulled over, and exited the vehicle shouting, "I'm on fire, I feel like I'm on fire!" (FAC ¶ 16.)  Mrs. Stewart and the children also got out of the vehicle.  (FAC ¶ 17.) Mr. Stewart began taking off his clothes on the side of the road because he felt like they were burning him.  (FAC ¶ 17.)  A police car arrived on the scene, and two officers exited the vehicle.  (FAC ¶ 18.)  When Mr. Stewart began to approach them with arms raised, an officer tased him as his wife and children looked on.  (FAC ¶¶ 18–20.)  Mrs. Stewart and her children watched as additional officers arrived, surrounded her husband, now bound hand and foot, and repeatedly tased him.  (FAC ¶¶ 22–23.)

Mr. Stewart was taken to the hospital in an ambulance and released about twelve hours later without being charged.  (FAC ¶¶ 24, 30.)  The officers arrested Mrs. Stewart; she later learned her arrest was for an out-of-state warrant.  (FAC ¶¶ 25, 27.)  She was released two days later.  (FAC ¶ 27.)  Plaintiffs' car was "impounded, their family dogs were seized, and their children were wrongfully taken into custody." (FAC ¶ 31.)  The children have been traumatized by what they witnessed, "in addition to the unnecessary and prolonged removal from their family home" by Defendant County DCFS.  (FAC ¶ 31.)[1]

On November 3, 2017, Plaintiffs filed this action against the City of Los Angeles asserting claims under 42 U.S.C. § 1983 as well as pendent tort claims. (Compl., ECF No. 1.)  On August 30, 2018, Plaintiffs timely moved for leave to file a First Amended Complaint to add Defendant County.  (Mot. for Leave 2, ECF No. 38.) The City of Los Angeles did not oppose Plaintiffs' motion.  The Court granted it as unopposed, and Plaintiffs' FAC was deemed filed on October 1, 2018.  (Order Granting Mot. for Leave, ECF No. 40.)  Plaintiffs served Defendant County on March 29, 2019, 179 days later.  (Mot. 1.)

---

[1] Plaintiffs do not allege the duration of the children's removal in the FAC, but note a "period of months" in their opposition to Defendant County's Motion.  (Opp'n to Mot. ("Opp'n") 12, ECF No. 52.)  At oral argument, Plaintiffs' counsel represented the removal lasted nearly a year.

Defendant County now moves to dismiss Plaintiffs' fifth and only cause of action against it for *Monell* liability concerning the allegedly wrongful and prolonged removal of the Plaintiff-children.[2]

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept

---

[2] Plaintiffs assert twelve claims in the FAC: (1) Fourth Amendment Violation—Unlawful Detention, against Doe defendants; (2) Fourth Amendment Violation—Unlawful Seizure, against Doe defendants; (3) Fourth Amendment Violation—Excessive Force, Mr. Stewart against Doe defendants; (4) *Monell*—42 U.S.C. § 1983, against Defendant City of Los Angeles and Doe defendants; **(5) *Monell*—42 U.S.C. § 1983, against Defendant County and Doe defendants;** (6) Violation of California Civil Code Section 52.1, against Doe defendants; (7) Assault and Battery, Mr. Stewart against Doe defendants; (8) Intentional Infliction of Emotional Distress, against Doe defendants; (9) Negligence, against Doe defendants; (10) Negligent Infliction of Emotional Distress, against Doe defendants; (11) First Amendment Violation, Right to Familial Association—42 U.S.C. § 1983, against Doe defendants; (12) Fourteenth Amendment Violation—42 U.S.C. § 1983, against Doe defendants. (*See generally* FAC.)

conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

Plaintiffs' fifth and only cause of action again Defendant County is a *Monell* claim for what Plaintiffs argue is a "clear pattern" of "unconstitutionally separating parents from their children" for unnecessarily prolonged periods. (*See* Mot. 1; Opp'n 12.) Defendant County moves to dismiss Plaintiffs' *Monell* claim on the grounds that: (1) Plaintiffs failed to serve Defendant County within the 90-day Rule 4(m) period; (2) Plaintiffs' claim is time-barred as against Defendant County and the FAC does not relate back to the original Complaint; and (3) Plaintiffs fail to state a claim on the face of the FAC. (*See generally* Mot.)

### A. Service within the Rule 4(m) Period

Defendant County argues that Plaintiffs' claim against it should be dismissed without prejudice because Plaintiffs cannot show good cause for serving the FAC 179 days after it was filed, nearly twice the 90-day Rule 4(m) period. (Mot. 3–4.)

"Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citing Fed. R. Civ. P. 4(m)).[3] First, where the plaintiff shows good cause for the delay or defective service, the court must extend the time period. *Id.* However, where the plaintiff does not show good cause, the court has broad discretion to either dismiss without prejudice or extend the time period for service. *Id.* To "bring the excuse to the level of good cause," the plaintiff may be required to show: "(a) the party to be served received actual notice of the lawsuit; (b) the

---

[3] Rule 4(m) provides, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

4

defendant would suffer no prejudice; and (c) [the] plaintiff would be severely prejudiced if his complaint were dismissed." *Id.*

This Court's Rules Governing Civil Actions, Section IV.A., requires plaintiffs to serve the complaint promptly and in accordance with Rule 4, and directs that "[a]ny [d]efendant(s) not timely served shall be dismissed from the action without prejudice." Finally, when the Court granted Plaintiffs leave to amend, it ordered that "Plaintiffs shall serve any new parties added in their [FAC] in accordance with applicable law." (Order Granting Mot. for Leave 2.)

Here, Plaintiffs do not establish good cause for the delay. Plaintiffs offer *no reason* for delaying nearly six months before serving Defendant County in their Opposition. At the hearing, Plaintiffs' counsel explained they were misinformed that the County individual upon whom they intended to effect service was deceased. Counsel also noted they needed to obtain client-approval to proceed with service. However, this does not explain the substantial delay in service. Instead, Plaintiffs argue that they will suffer prejudice by the loss of their claim. However, "[i]n requiring that service be made within [90] days, 'Congress balanced the possible loss of a litigant's federal cause of action against the need to encourage diligent prosecution of lawsuits.'" *Ponce v. Gale*, No. EDCV 12-02184-GW (JEMx), 2014 WL 7381735, at *4 (C.D. Cal. Dec. 24, 2014) (quoting *Townsel v. Contra Costa Cty., Cal.*, 820 F.2d 319, 321 (9th Cir. 1987)). Further, at oral argument, Plaintiffs' counsel represented that Plaintiffs' claim against Defendant County is not time barred and Plaintiffs could file a new suit against Defendant County tomorrow. Thus, Plaintiffs' argument that they will be prejudiced is unpersuasive.

Plaintiffs also argue that Defendant County is in exclusive possession of documents and information necessary to its claim. However, this is separate and apart from the issue of Plaintiffs' failure to timely serve. If Plaintiffs needed documents and information from Defendant County, the better course would be to complete service and propound discovery as soon as possible. However, absent a continuance,

discovery in this case has closed. (*See* Scheduling and Case Mgmt. Order 24, ECF No. 36.)

Finally, Plaintiffs simply ignore the prejudice to Defendant County. Defendant County would suffer severe prejudice by being brought into the action with less than fours months remaining until trial, and no ability to conduct discovery. A jury trial is set in this matter for August 20, 2019; discovery is closed; and the deadline to hear motions is July 1, 2019, only four weeks after the hearing on this Motion. Absent a continuance and reopening of discovery, Defendant County will suffer severe prejudice in defending this litigation.

For these reasons, the Court **GRANTS** Defendant County's Motion to Dismiss Plaintiffs' Fifth Cause of Action against Defendant County without prejudice. As the Court dismisses Plaintiffs' Fifth Cause of Action for failure to timely serve within the Rule 4(m) period, it does not reach Defendant County's remaining arguments.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant County's Motion to Dismiss Plaintiffs' Fifth Cause of Action (ECF No. 49).

**IT IS SO ORDERED.**

June 6, 2019

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**